```
           IN THE U.S. DISTRICT COURT
    NORTHERN DISTRICT OF OHIO, EASTERN DIVISION
```

| | |
|---|---|
| DAVID P. AEY<br>4016 Shelby Rd.<br>Youngstown, OH 44511<br><br>    Plaintiff<br><br>    -vs-<br><br>THE MAHONING COUNTY BOARD OF ELECTIONS<br>Mahoning County Southside Annex<br>2801 Market St.<br>Youngstown, OH 44507<br><br>and<br><br>NANCY H. ROGERS<br>Office of the Ohio Attorney General<br>State Office Tower<br>30 E. Broad Street, 17th Floor<br>Columbus, OH 43215-3428<br><br>    Defendants | **Case No.**<br><br>**Judge**<br><br>**Magistrate**<br><br><br><br>**Verified Complaint for Declaratory and Injunctive Relief** |

**Jurisdiction and Venue**

1. This is a civil action seeking relief and damages to defend and protect the rights guaranteed by the Constitution of the United States. This action is brought pursuant to 42 U.S.C. § 1983.

2. This Court has Jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343 and 2201, and this Court also has pendant jurisdiction for any state claims.

3. Venue is proper in this Court under 28 U.S.C. § 1391 as the

Northern District of Ohio is the district in which the Plaintiff's claims arose.

## Parties

4. David P. Aey ("Aey") is a sheriff's candidate and a Mahoning County, Ohio domiciliary and taxpayer.

5. Sheriff Randall A. Wellington is the incumbent sheriff of Mahoning County, Ohio.

6. The Mahoning County Board of Elections is the duly commissioned Ohio public entity responsible for elections oversight.

7. Nancy H. Rogers is the Attorney General for the State of Ohio.

## Facts and Procedural History

8. This case arises in an elections issue.

9. On January 5, 2008, the incumbent candidate for Mahoning County Sherriff, Randall Wellington filed a protest to the candidacy of Aey with the Mahoning County Board of Elections questioning Aey's eligibility under R.C. 311.01(B)(9)(b).

10. On January 18, 2008, the Mahoning County Board of Elections held a protest hearing.

11. The Board denied the protest and Wellington petitioned for a writ of prohibition to be issued by the Ohio Supreme Court.

12. On February 14, 2008, the Ohio Supreme issued its opinion in *Wellington v. Mahoning Cty. Bd. of Elections* (2008), 117 Ohio St.3d 143.

13. The Supreme Court held that Aey was not qualified under R.C. 311.01(B)(9)(b) as a candidate for Mahoning County Sheriff and issued a writ of prohibition to prevent the Mahoning County Board of Elections from placing Aey's name on the ballot for the Democratic Primary.

14. On February 26, 2008, this Honorable Court issued its decision in *Aey v. Mahoning County Bd. of Elections* (February 26, 2008), N.D.Ohio No. 4:08 CV 405, 2008 WL 554700.

15. This Honorable Court found that Aey did not satisfy the educational requirements under R.C. 311.01(B)(9)(b) because he admitted same at the protest hearing on January 18, 2008. This Honorable Court did not addressed Aey's claim that R.C. 311.01(B)(9)(b) is void for vagueness.

16. On September 2, 2008, Aey filed his declaration of intent to run as a write-in candidate for Mahoning County Sheriff.

17. In the time between the primary election and the deadline for the general election, Aey had completed approximately 16 hours of academic credit as required by R.C. 311.01(B)(9)(b) in the summer semester at Youngstown State University. Aey had then satisfied the 48 credit hour requirement by completing 60 hours.

18. On September 8, 2008, the incumbent candidate for Mahoning County Sherriff, Randall Wellington filed a protest to the candidacy of Aey with the Mahoning County Board of Elections

3

questioning Aey's eligibility under R.C. 311.01(B)(9)(b).

19. On September 10, 2008, the Mahoning County Board of Elections had a special session to address the protest and voted a tie (2-2) when determining Aey's eligibility.

20. On September 18, 2008, the Mahoning County Board of Elections held a protest hearing to determine if Aey met the eligibility criteria enumerated in R.C. 311.01(B)(9)(b).

21. On September 23, 2008, Ohio Secretary of State Jennifer Brunner broke the tie vote and ruled that Aey was qualified to rule as a write-in candidate for Mahoning County Sheriff.

22. On September 30, 2008, the Mahoning County Board of Elections held a protest hearing to determine if Aey met the eligibility criteria enumerated in R.C. 311.01(B)(9)(b).

23. On October 24, 2008, the Ohio Supreme Court issued its opinion in *State ex rel. Wellington vs. Mahoning County Board of Elections*, Slip Opinion No. 2008-Ohio-5510.

24. The Ohio Supreme Court issued a writ of prohibition preventing the Mahoning County Board of Elections from certifying Aey as a write-in candidate for Mahoning County Sheriff.

25. The Supreme Court found that Aey failed to satisfy the educational requirement as enumerated in R.C. 311.01(B)(9)(b).

**Claim for Declaratory and Injunctive Relief**

26. R.C. 311.01(B)(9)(b) states, in pertinent part:

    The person meets at least one of the following conditions:

4

> Has completed satisfactorily at least two years of post-secondary education or the equivalent in semester or quarter hours in a college or university authorized to confer degrees by the Ohio board of regents or the comparable agency of another state in which the college or university is located or in a school that holds a certificate of registration issued by the state board of career colleges and schools under Chapter 3332. of the Revised Code.

27. Aey has satisfied the requirements of R.C. 311.01(B)(9)(b) by earning 60 hours of post-secondary education in the form of 44 hours of transferred credits and 16 hours of credit earned at Youngstown State University. The 44 hours are comprised of credit hours for law-enforcement-certification courses at the Ohio Peace Officer Training Academy.

28. R.C. 311.01(B)(9)(b) is unconstitutionally vague and/or overbroad, that it violates Aey's right to due process and therefore that the statute is subject to strike.

29. The Due Process Clause of the Fourteenth Amendment requires reasonable definiteness in the language of a statute or administrative rule.

30. The Due Process Clause of the Fourteenth Amendment bars statutes that allow multiple interpretations such leaving a reasonable person unable to conform to them his course of conduct.

31. If a state enacts a statute that provides "process" then the means by which one might proceed must be reasonable and reasonably ascertainable.

32. R.C. 311.01 is unconstitutionally vague for, among other reasons, the fact that one would not be able to determine how to arrange his academic affairs in order to run for County Sheriff.

33. R.C. 311.01 is unconstitutionally overbroad for, among other reasons, the fact that it provides a requirement that has no rational connection to the office that it governs R.C. 311.01 relates an vague requirement of college credit without qualifying or tailoring the specific type of credits needed.

34. As a consequence of such vagueness and over breadth, Aey suffered damages to the extent that he is now barred from running for County Sheriff despite the availability of a good-faith interpretation of the statute allowing him to run.

Wherefore, the plaintiffs pray this court grant relief as follows:

    A.    Directing that R.C. 311.01(B)(9)(b) is unconstitutionally vague and/or overbroad, striking the same, and permanently enjoining any further use thereof; and

    B.    In the alternative, directing that Aey remain eligible as a write-in candidate until resolution of this case; and

    C.    Issuing a temporary restraining order and preliminary injunction barring counting of ballots until the conclusion of this action.

Respectfully submitted,


/s/ David C. Comstock, Jr._
COMSTOCK, SPRINGER & WILSON CO., LPA
DAVID C. COMSTOCK, JR. ( REG.# 0040145)
100 Federal Plaza East, Suite 926
Youngstown, Ohio 44503
Telephone: (330) 746-5643
Fax: (330) 746-4925
Email: dcj@csandw.com
ATTORNEYS FOR PLAINTIFF, DAVID P. AEY